

# In the United States Court of Federal Claims

No. 17-1623C
Filed April 5, 2018
NOT FOR PUBLICATION

**FILED**

APR - 5 2018

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| KATORIA GREENE, | |
| Plaintiff, | *Pro se*, RCFC 12(b)(1); RCFC 12(b)(6); Subject-Matter Jurisdiction; Failure To State A Claim; Money-Mandating Source Of Law; *In Forma Pauperis*; *Habeas Corpus*; Breach Of Contract. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

*Katoria Greene*, Tallahassee, FL, plaintiff *pro se*.

*Isaac B. Rosenberg*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I. INTRODUCTION

Plaintiff *pro se*, Katoria Greene, brought this action challenging her federal criminal conviction and subsequent sentence to incarceration by the United States District Court for the Middle District of Georgia and alleging, among other things, breach of contract claims against the United States. *See generally* Compl.; Am. Compl. The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.

7017 1450 0000 1346 4353

For the reasons discussed below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this action, plaintiff *pro se*, Katoria Greene challenges her federal criminal conviction and subsequent sentence to incarceration by the United States District Court for the Middle District of Georgia and she alleges, among other things, breach of contract claims against the United States. *See generally* Compl.; Am. Compl. Plaintiff's complaint and amended complaint are difficult to follow. But, it appears that plaintiff seeks to contest the validity of her guilty plea, and to challenge her criminal conviction and subsequent sentence to incarceration. *See generally* Compl.; Am. Compl. Plaintiff also appears to allege that she has entered into an adhesion contract and a maritime contract with the government.[2] *See* Compl. at 2; *see also* Pl. Resp. at 2. As relief, plaintiff seeks, among other things, $10 million in monetary damages and certain injunctive relief related to her criminal case. *See* Compl. at 5; Am. Compl. at 9.

#### 1. Background

Plaintiff is currently incarcerated in the Federal Correctional Institution located in Tallahassee, Florida. *See* Compl. at 2; Def. Mot. at 2. On August 12, 2014, a federal grand jury seated in the United States District Court for the Middle District of Georgia entered a five-count indictment against plaintiff for theft of government property, aggravated identity theft, and fraud, arising from plaintiff's theft of checks from the United States Department of the Treasury (the "Treasury") and unauthorized possession of over 1,000 social security numbers. *See generally* Indictment, *Greene*, No. 1:14-CR-00030-WLS-TQL-1 (M.D. Ga. Aug. 12, 2014), at Entry No. 3.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); the amended complaint ("Am. Compl."); and the government's motion to dismiss ("Def. Mot."). Unless otherwise noted herein, the facts recited are undisputed. Due to plaintiff's *pro se* status, the Court considers the allegations set forth in the complaint and amended complaint for the purpose of resolving the government's motion to dismiss.

[2] Plaintiff also refers to the First, Seventh, Ninth, Tenth, Eleventh, and Fourteenth Amendments to the United States Constitution and various federal statutes in the amended complaint. *See* Am. Compl. at 5-7.

On December 17, 2014, plaintiff pled guilty to three of the five counts in the indictment. Def. Mot. at 1-2; *see also Greene*, No. 1:14-CR-00030-WLS-TQL-1 (M.D. Ga. Dec. 17, 2014), at Entry Nos. 27-28. And so, plaintiff was sentenced to 120 months in prison and ordered to pay restitution to the Treasury on July 15, 2015. Def. Mot. at 2; *see also Greene*, No. 1:14-CR-00030-WLS-TQL-1 (M.D. Ga. July 15, 2015), at Entry No. 44.

### 2. Plaintiff's District Court Litigation

Following her sentence to incarceration, plaintiff filed an action seeking to vacate her sentence in the United States District Court for the Middle District of Georgia on July 18, 2016. *Greene*, No. 1:14-CR-00030-WLS-TQL-1 (M.D. Ga. July 18, 2016), at Entry No. 51. This case was pending before the district court at the time that plaintiff commenced this action. *See, e.g., id.* at Entry No. 98.

On August 10, 2017, plaintiff, proceeding under the name "Tirzah El-Bey," filed another civil action in the United States District Court for the Northern District of Florida challenging her criminal conviction and subsequent sentence to incarceration. *El-Bey v. United States*, No. 4:17-cv-364 (N.D. Fla. Aug. 10, 2017), at Entry No. 3. At the time plaintiff commenced this action, this case was also pending before the district court. The district court dismissed plaintiff's case on November 20, 2017. *Id.* at Entry No. 8.

### B. Procedural History

Plaintiff commenced this action on October 25, 2017. *See generally* Compl. On October 25, 2017, plaintiff filed a motion to proceed *in forma pauperis*. *See generally* Pl. Mot to Proceed *In Forma Pauperis*.

On November 16, 2017, plaintiff filed an amended complaint. *See generally* Am. Compl. On December 15, 2017, the government filed a motion to dismiss this matter, pursuant to RCFC 12(b)(1) and (b)(6). *See generally* Def. Mot.

On February 6, 2018, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On February 9, 2018, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

These matters having been fully briefed, the Court resolves the pending motions.

### III. STANDARDS OF REVIEW

#### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleadings requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleadings." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation omitted).

In addition, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, No. 2014-5029, 2015 WL 2343578, at *1 (Fed. Cir. May 18, 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

#### B. RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); *see also* RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and she must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

4

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). If the Court finds that the alleged source of law is not money-mandating, the Court must dismiss the claim for lack of subject-matter jurisdiction. RCFC 12(b)(1); *Fisher*, 402 F.3d at 1173.

Specifically relevant to this matter, it is well-established that "the Tucker Act does not grant the Court of Federal Claims subject-matter jurisdiction to enforce the federal criminal code," or to grant relief sounding in a writ of *habeas corpus*. *Canuto v. United States*, 651 F. App'x 996, 997 (Fed. Cir. 2016); *see, e.g., Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."); *Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) (holding that this Court cannot review criminal matters). In addition, the United States is the only proper defendant in cases brought in this Court. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (stating that the Court of Federal Claims "is without jurisdiction of any suit brought against private parties . . . ."); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (stating that "[t]his court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself").

5

It is also well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims . . . from the jurisdiction of the United States Court of Federal Claims."); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."). In addition, this Court does not possess subject-matter jurisdiction to consider claims based upon the First, Seventh, Ninth, Tenth, Eleventh, or Fourteenth Amendments to the United States Constitution, because these constitutional provisions are not money-mandating. *Barksdale v. United States*, 582 F. App'x 890, 891-92 (Fed. Cir. 2014) (discussing the Ninth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed Cir. 1995) (discussing the Fourteenth Amendment); *United States v. Connolly*, 716 F.2d 882, 886-88 (Fed. Cir. 1983) (discussing the First Amendment); *Harris v. United States*, 118 Fed. Cl. 180, 190 (2014) (discussing the Seventh Amendment); *Fullard v. United States*, 78 Fed. Cl. 294, 301 n.12 (2007) (discussing the Eleventh Amendment); *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) (discussing the Tenth Amendment). Nor does the Court possess subject-matter jurisdiction to consider claims brought under the Civil Rights Act and the Sherman Act. *Cherbanaeff v. United States*, 77 Fed. Cl. 490, 502 (2007); *see also* 15 U.S.C. § 4; 28 U.S.C. § 1343(a)(4).

### C.    RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), this Court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the non-movant's favor. *Erickson*, 551 U.S. at 94; *see also* RCFC 12(b)(6). To survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And so, when the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their

veracity" and determine whether it is plausible, based upon these facts, to find against defendant. *Id.* at 679.

### D.     28 U.S.C. § 1500

Pursuant to title 28, United States Code, section 1500, the United States Court of Federal Claims does not possess subject-matter jurisdiction to consider a claim "if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011). "[T]he purpose of [Section] 1500 is to prevent the United States from facing liability involving the same subject matter at the same time in separate fora." *Nextec Applications, Inc. v. United States*, 114 Fed. Cl. 532, 538 (2014). To determine whether Section 1500 applies to two suits brought by the same plaintiff, the Court must determine whether: (1) there is an earlier-filed suit pending in another court, and if so, (2) whether the claims alleged in the earlier-filed suit are "for or in respect to" the same claims now being brought in the United States Court of Federal Claims. *See Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013).

In this regard, an earlier-filed suit is considered "pending" within the meaning of Section 1500 based upon the time the complaint is filed with the United States Court of Federal Claims. *Id.* at 1375. In addition, two claims are "for or in respect to the same claim" under Section 1500 "if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono*, 563 U.S. at 317. If Section 1500 applies, the Court must dismiss the case for lack of subject-matter jurisdiction. *Id.*

### E.     Contracts With The United States

Lastly, under the Tucker Act, the Court possesses subject-matter jurisdiction to consider express, or implied-in-fact, contract claims against the United States. *See Aboo v. United States*, 86 Fed. Cl. 618, 626-27 (2009). But, plaintiff bears the burden of proving the existence of a contract with the United States, and she must demonstrate that there is "something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights." *D & N Bank v. United States*, 331 F.3d 1374, 1376 (Fed. Cir. 2003).

To pursue a breach of contract claim against the United States under the Tucker Act, plaintiff must have privity of contract with the United States. *Flexfab, L.L.C. v. United States*,

7

424 F.3d 1254, 1265 (Fed. Cir. 2005) (holding that the "government consents to be sued only by those with whom it has privity of contract"). Plaintiff must also support her contract claim with well-pleaded allegations going to each element of a contract. *See Crewzers Fire Crew Transp. Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies."); *Gonzalez-McCaullaey Inv. Grp., Inc. v. United States*, 93 Fed. Cl. 710, 715 (2010).

The requirements for establishing a contract with the United States are identical for express and implied-in-fact contracts. *See Night Vision Corp. v. United States*, 469 F.3d 1369, 1375 (Fed. Cir. 2006); *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 767 (2014) ("The elements are the same for an express or implied-in-fact contract . . . ."). Specifically, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997).

## IV. LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction upon the grounds that: (1) plaintiff improperly seeks relief sounding in a writ of *habeas corpus*; (2) this action is barred under Section 1500; (3) plaintiff fails to allege a money-mandating federal contract in the complaint; (4) the Court may not consider plaintiff's constructive trust and fiduciary claims; (5) plaintiff's constitutional law claims are not based upon money-mandating constitutional provisions; (6) the Court may not consider plaintiff's criminal law, civil rights, or Sherman Act claims; (7) the Court may not consider plaintiff's fraud and negligence claims because these claims sound in tort; and (8) the Court may not entertain claims against parties other than the United States. *See* Def. Mot. at 5-10; Def. Reply at 1-4. In the alternative, the government seeks dismissal of the complaint for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6), upon the ground that the complaint does not contain a short

and plain statement showing that plaintiff is entitled to any relief and plaintiff improperly relies upon "sovereign citizen" theories that have been found to be frivolous. Def. Mot. at 8-9.

Plaintiff counters that the Court possesses subject-matter jurisdiction to consider her claims, because she has entered into express, or implied contracts with the United States. *See* Pl. Resp. at 2. Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.

For the reasons discussed below, the most generous reading of plaintiff's complaint and amended complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. Plaintiff has, however, shown that she satisfies the statutory requirements to proceed in this matter without paying the Court's filing fee. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint. RCFC 12(b)(1).

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

#### 1. Plaintiff's Claim Is Barred By Section 1500

As an initial matter, plaintiff's claim challenging her criminal conviction and subsequent sentence to incarceration is jurisdictionally precluded under 28 U.S.C. § 1500. Pursuant to Section 1500, this Court does not possess subject-matter jurisdiction to consider a claim "if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents," at the time the plaintiff commenced litigation before this Court. *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011). And so, to determine whether Section 1500 applies here, the Court must determine whether: (1) there is an earlier-filed suit pending in another court, and if so, (2) whether the claim alleged in that earlier-filed suit is "for or in respect to" the same claims now being brought against the United States in this Court. *See Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (stating that an earlier-filed suit is considered "pending" within the meaning of Section 1500 based upon the time the complaint is filed with the United States Court of Federal Claims).

In this case, there is no dispute that, at the time plaintiff commenced this action, she had other cases against the United States pending before the United States District Court for the Middle District of Georgia and the United States District Court for the Northern District of

Florida, respectively. *See United States v. Greene*, No. 1:14-CR-00030-WLS-TQL-1 (M.D. Ga. July 18, 2016), at Entry No. 51; *El-Bey*, No. 4:17-cv-364 (N.D. Fla. Aug. 10, 2017), at Entry No. 3; *see generally* Pl. Resp. Specifically, on July 18, 2016, plaintiff commenced an action seeking to vacate her sentence to incarceration before the United States District Court for the Middle District of Georgia and this case was pending at the time that plaintiff commenced this action. *Greene*, No. 1:14-CR-00030-WLS-TQL-1 (M.D. Ga. July 18, 2016), at Entry No. 51. On August 10, 2017, plaintiff, proceeding under the name "Tirzah El-Bey," also filed a civil action challenging her criminal conviction and subsequent sentence to incarceration before the United States District Court for the Northern District of Florida. *El-Bey v. United States*, No. 4:17-cv-364 (N.D. Fla. Aug. 10, 2017), at Entry No. 3. This case was also pending when plaintiff commenced this action. *Id.* And so, it is without dispute that plaintiff had two earlier-filed cases against the government pending at the time that she commenced this action on October 25, 2017. *See generally* Def. Mot.; Pl. Resp.

A review of these cases and the complaint and amended complaint also makes clear that the claims alleged in plaintiff's earlier-filed cases are "for or in respect to" the same claims now being pursued before this Court. In this regard, the Court reads the complaint and amended complaint to challenge plaintiff's criminal conviction and sentence to incarceration by the United States District Court for the Middle District of Georgia. *See generally* Am. Compl.; Compl. at 2-5 (alleging that the United States forced plaintiff under threats, duress, and coercion to perform and continue to perform multiple contracts and requesting injunctive relief to "stop the action" in plaintiff's criminal case). Plaintiff asserted similar claims in both of her district court cases. *Compare* Compl. at 2-5, *with* Mot. to Vacate, *United States v. Greene*, No. 1:14-CR-00030-WLS-TQL-1 (M.D. Ga. July 18, 2016), at Entry No. 51 at 8 (seeking to vacate plaintiff's conviction because the "[c]onviction [was] obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequence of the plea") *and* Pl. Mot. to Discharge, *El-Bey v. United States*, No. 4:17-cv-364 (N.D. Fla. Aug. 10, 2017), at Entry No. 3 at 2-6 (seeking release from incarceration based upon, among other things, breach of certain alleged contracts between plaintiff and the United States and discussing violations of the Uniform Commercial Code and various constitutional provisions). Given this, plaintiff's claim challenging her criminal conviction and subsequent

sentence to incarceration in this action is jurisdictionally precluded under Section 1500. 28 U.S.C. § 1500. And so, the Court must dismiss this claim. RCFC 12(b)(1).

### 2. The Court May Not Entertain Claims Against Parties Other Than The United States

To the extent that plaintiff seeks to assert claims against parties other than the United States in this matter, these claims are also jurisdictionally precluded. In the amended complaint, plaintiff appears to assert claims against the comptroller of the currency for the District of Columbia and the comptroller for the State of Georgia. Am. Compl. at 8-9. But, it is well-established that the United States is the only proper defendant in cases brought in this Court. *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States . . . ." (emphasis in original)). And so, the Court does not possess subject-matter jurisdiction to entertain plaintiff's claims against these local and state government officials. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir, 2007); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014).

### 3. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Criminal Law Claims

The Court is similarly without jurisdiction to consider plaintiff's writ of *habeas corpus* and criminal law claims. In the complaint, plaintiff appears to contest her criminal conviction and subsequent sentence to incarceration, as well as the conditions of her incarceration. Compl. at 2-5. Given this, plaintiff appears to assert a *habeas corpus* claim. The Federal Circuit has held that this Court does not possess subject-matter jurisdiction to grant relief sounding in a writ of *habeas corpus*. *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002). This Court also does not have the authority to overturn plaintiff's criminal conviction. *Humphrey v. United States*, 52 Fed. Cl. 593, 696 (2002); *Cooper*, 104 Fed. Cl. at 311-12 (holding that this Court cannot review criminal matters); *see also Salman v. United States*, 69 Fed. Cl. 36, 39 (2005) (holding that this Court does not have the authority "to review and overturn convictions entered by a court of competent jurisdiction"). And so, the Court must dismiss plaintiff's claim.

The Court also may not consider plaintiff's other criminal law claims. *Canuto v. United States*, 651 F. App'x 996, 997 (Fed. Cir. 2016). In the amended complaint, plaintiff cites to

criminal law provisions set forth in 18 U.S.C. §§ 471-474, 641, and 1028-29. *See* Am. Compl. at 3-4. But, the Tucker Act does not grant the Court subject-matter jurisdiction to enforce the federal criminal code. *Canuto*, 651 F. App'x at 997; *see also* 28 U.S.C. § 1491(a). And so, the Court must also dismiss plaintiff's criminal law claims for want of subject-matter jurisdiction. RCFC 12(b)(1).[3]

### 4. Plaintiff Fails To Establish A Contract With The Government

A careful reading of the amended complaint also shows that plaintiff has not established that she entered into either an express, or an implied-in-fact, contract with the United States. *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983). While the Court does possess subject-matter jurisdiction to consider express, or implied-in-fact, contract claims against the United States, it is well-established that plaintiff bears the burden of proving the existence of either an express, or implied-in-fact, contract with the United States. *See D & N Bank v. United States*, 331 F.3d 1374, 1376 (Fed. Cir. 2003). To do so here, plaintiff must allege facts that plausibly demonstrate: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Truama Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). In addition, plaintiff must demonstrate that there is "something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights." *D & N Bank*, 331 F.3d at 1376.

Plaintiff fails to make such a showing in this case. Indeed, while plaintiff baldly alleges that she entered into certain adhesion and maritime contracts with the government in the complaint and amended complaint, she provides no facts to plausibly demonstrate mutuality of intent, consideration, a lack of ambiguity in the offer and acceptance, or that a government

---

[3] In addition, to the extent that plaintiff seeks to assert an unjust conviction claim in this matter, she fails to state a plausible claim for relief. *See* 28 U.S.C. § 1495. To bring such a claim here, plaintiff must allege that either, (1) her conviction has been reversed or set aside by a court; (2) on new hearing or new trial she was found not guilty; or (3) that she has been pardoned. *Id.* § 2513; *Salman v. United States*, 69 Fed. Cl. 36, 39 (2005); *Lott v. United States*, 11 Cl. Ct. 852, 853 (1987). But, plaintiff does not establish—or even allege—that her criminal conviction has been reversed or set aside. *See generally* Compl.; Am. Compl. And so, the Court must dismiss plaintiff's unjust conviction claim. RCFC 12(b)(1).

12

official had the actual authority to bind the government in such contracts.[4] *See generally* Compl.; Am. Compl.; Pl. Resp. Nor does plaintiff allege any facts to show that these contracts mandate the payment of money. *See generally* Compl.; Am. Compl. Because plaintiff merely asserts the existence of alleged contracts—and she fails to point to any evidence to establish the elements of either an express, or implied-in-fact, contract with the government—the Court must dismiss plaintiff's contract claim for want of subject-matter jurisdiction. *See Crewzers Fire Crew Transp. Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014); *D & N Bank*, 331 F.3d at 1376; *see also* RCFC 12(b)(1).

### 5. Plaintiff's Constitutional Claims Are Jurisdictionally Precluded

The Court is also without jurisdiction to entertain plaintiff's constitutional law claims, because the constitutional provisions that plaintiff relies upon are not money-mandating. *Fisher*, 402 F.3d at 1172. In the amended complaint, plaintiff asserts claims under the First, Seventh, Ninth, Tenth, Eleventh, and Fourteenth Amendments to the United States Constitution. Am. Compl at 5-7. To come within the subject-matter jurisdiction of this Court, plaintiff must identify a money-mandating source of law that creates the right to money damages. *Fisher*, 402 F.3d at 1172-73. None of the constitutional provisions that plaintiff relies upon are money-mandating sources of law. *See Barksdale v. United States*, 582 F. App'x 890, 891-92 (Fed. Cir. 2014) (holding that the Ninth Amendment is not a money-mandating source of law); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Fourteenth Amendment is not a sufficient basis for jurisdiction because it does not mandate payment of money by the government); *United States v. Connolly*, 716 F.2d 882, 886-88 (Fed. Cir. 1983) (holding that the First Amendment does not provide persons aggrieved by government action with an action for damages in the absence of some other jurisdictional basis); *Harris v. United States*, 118 Fed. Cl. 180, 190 (2014) (holding that a violation of the Seventh Amendment does not explicitly or implicitly obligate the federal government to pay damages); *Fullard v. United States*, 78 Fed. Cl. 294, 301 n.12 (2007) (holding that the Eleventh Amendment has no application in the United

---

[4] Plaintiff states in her response and opposition to the government's motion to dismiss that she entered into these contracts on August 12, 2014; December 17, 2014; July 15, 2015; and July 15, 2016. Pl. Resp. at 2-3. These dates appear to correspond with the dates of plaintiff's indictment, plea agreement, sentence to incarceration, and *habeas* petition before the United States District Court for the Middle District of Georgia. *Id.*; Def. Reply at 2.

States Court of Federal Claims); *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) (holding that violations of the Tenth Amendment are outside the jurisdiction of this Court because it does not mandate monetary compensation).[5] And so, the Court must dismiss plaintiff's constitutional law claims based upon the First, Seventh, Ninth, Tenth, Eleventh, and Fourteenth Amendments to the United States Constitution. RCFC 12(b)(1).

### 6. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Civil Rights, Anti-Trust, And Tort Claims

The Court is similarly without jurisdiction to consider plaintiff's civil rights, Sherman Act, and tort claims. In the amended complaint, plaintiff appears to assert civil rights and Sherman Act claims. Am. Compl. at 3. But, Congress has committed jurisdiction over claims brought pursuant to the Civil Rights Act and the Sherman Act to the United States district courts. *See* 15 U.S.C. § 4; 28 U.S.C. § 1343(a)(4); *see also* 42 U.S.C. § 1981; *Hufford v. United States*, 87 Fed. Cl. 696, 703 (2009) ("Cases under 15 U.S.C. §§ 1-7 are likewise explicitly committed to the district courts.").

The Court also may not consider plaintiff's fraud claim because this claim plainly sounds in tort. Am. Compl. at 3. The Tucker Act explicitly places such claims beyond the Court's jurisdiction. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *see also Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010). And so, the Court must also dismiss plaintiff's civil rights, Sherman Act, and tort claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 7. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Constructive Trust Or Fiduciary Claims

Lastly, to the extent that plaintiff asserts constructive trust or fiduciary claims, the Court must also dismiss these claims for lack of subject-matter jurisdiction. Am. Compl. at 4. This Court has held that it "lacks jurisdiction to impose a constructive trust." *State of Mont. v. United States*, 33 Fed. Cl. 82, 88 (1995), *aff'd on other grounds*, 124 F.3d 1269 (Fed. Cir. 1997).

---

[5] Plaintiff also appears to improperly rely upon Article III, Section 2 of the United States Constitution to establish jurisdiction. *See* Am. Compl. at 5. The United States Court of Federal Claims is established under Article I of the United States Constitution. *See* 28 U.S.C. § 171(a).

Plaintiff also fails to identify a substantive source of law that would establish a specific fiduciary duty on the part of the government in this case. Am. Compl. at 4; *cf. United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (holding that to invoke the Court's jurisdiction under the Indian Tucker Act, a plaintiff must "identify a substantive source of law that establishes specific fiduciary or other duties"). And so, the Court must dismiss plaintiff's constructive trust and fiduciary claims for lack of subject-matter jurisdiction.[6] RCFC 12(b)(1).

### B. The Court Grants Plaintiff's Motion To Proceed *In Forma Pauperis*

As a final matter, plaintiff has moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize the commencement of a lawsuit without prepayment of fees when a plaintiff submits an affidavit including a statement of all assets, a declaration that she is unable to pay the fees, and a statement of the nature of the action and a belief that she is entitled to redress. *See* 28 U.S.C. § 1915(a)(1); *see also id.* § 2503(d). In her application for waiver of the Court's filing fee, plaintiff provides a statement of her assets and liabilities and she states that "because of [her] poverty, [she is] unable to pay" the Court's fees. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. Because of the Court's summary disposition of this case upon jurisdictional grounds, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the statutory requirements to proceed *in forma pauperis* for the purpose of resolving the government's motion to dismiss. And so, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## V. CONCLUSION

In sum, the most generous reading of plaintiff's complaint and amended complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. Plaintiff has shown, however, that she satisfies the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;

---

[6] Because the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims, the Court does not reach the other issues raised in the government's motion to dismiss. *See generally* Def. Mot. at 8-10.

2. **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and

3. **DISMISSES** the complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government, **DISMISSING** the complaint.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGSBY
Judge